# THE STATE v. EMPEY.

1. **Criminal Law:** " AIDING AND ABETTING." The word " abet," used in relation to the commission of a crime, indicates the act of an accessory before the fact, while the word " aid " indicates the act of an accessory after the fact. An accessory before the fact may be indicted, punished and tried as a principal (Code, sec. 4314); whether the same is true of an accessory after the fact, is not determined.

2. ———: LARCENY: AIDING IN DISPOSING OF PROPERTY: INSTRUCTION. One who aids in the disposition of stolen property is not thereby guilty of larceny, either as principal or accessory, unless he knows the property to have been stolen; and an instruction under which the jury might have found defendant guilty without such knowledge is a ground for reversal, even though the abstract does not contain all the evidence; for it cannot be presumed that his guilty knowledge was established by the evidence.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, FEBRUARY 8, 1890.

DEFENDANT was convicted on an indictment for larceny, and now appeals to this court.

*Charles J. Kepler,* for appellant.

*J. Y. Stone,* Attorney General, for the State.

BECK, J.—I. The abstract upon which the case is submitted to us for decision does not contain a copy of the indictment, or a statement of its contents, nor any part of the evidence. The instructions to the jury are set out in full, and the only objections to the judgment are based upon the fourth instruction, which is in the following language: "4. It is not claimed by the state that the defendant was actually present and assisted in the taking of said property, but that he planned, aided and abetted the taking and disposition thereof; and, under the law of this state, all persons concerned in the

commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, are equally guilty as the person who did actually commit the act; and if you find from the evidence that the witness Frank Watkins, at the time or place charged, did steal, take and carry away said property, or some portion thereof, that the same was the property of M. D. Snyder, and of the value of ninety dollars, or of some actual value, then said Watkins is guilty of larceny; and if you further find from the evidence that defendant planned, aided or abetted the commission of said larceny, though not present at its commission, then he is equally guilty as Watkins; or if you find therefrom that, after the commission of said act, the defendant aided, abetted or assisted said Watkins in the disposition of said property, then he will be guilty. If you fail to so find, then you will find the defendant not guilty."

II. It is first insisted that this instruction errs in directing the jury that, if defendant aided or abetted the commission of the larceny, he is equally guilty with the one who actually stole the goods. The error, it is urged, consists in the use of the disjunctive conjunction "or," instead of the conjunction "and." We think the words "aid" and "abet" are not synonymous, as is argued by the attorney general. To "abet" is to encourage, counsel, incite or instigate the commission of a crime. The word indicates the act of an accessory before the fact. To "aid" is to support, the words describing the act of an accessory after the fact. An accessory before the fact may be indicted, tried and punished as a principal. Code, sec. 4314. The question whether an accessory after the fact may be indicted and convicted in the same way has not been determined, so far as we are advised. In view of all the language of the section just cited, which provides that those who aid and abet the commission of the crime may be indicted, tried and punished as principals, it would seem that the word "aid" applies to and points out accessories after the fact, who are therefore included

in its provision. See, in this connection, Code, sec. 4315. This question we need not determine, in view of the facts that the indictment is not set out, nor its contents stated, in the abstract. We cannot, therefore, say that it is in the case.

III. The last sentence of the instruction is plainly erroneous in holding that assistance in the disposition of stolen property will render one guilty. Surely, assistance in disposing of the property, without the knowledge that it was stolen, will not be the ground of charging one either as principal or as an accessory. Knowledge of the crime is essential to constitute an accessory after the fact. 1 Bish. Crimes, secs. 487, 488; 1 Russ. Crimes, 38. The attorney general does not claim that this instruction is not objectionable on the last ground named, but expresses the opinion that we cannot reverse, for the reason that all the evidence is not made to appear affirmatively. There must have been an issue as to defendant's knowledge of the crime, as he was tried as an accessory after the fact, for such knowledge is an essential ingredient of guilt of such an accessory. That issue was for the jury's determination, and, though the evidence may have all pointed to such knowledge, the court could not direct a verdict thereon, or what finding the jury should make. We, therefore, can exercise no presumption that the evidence established defendant's knowledge of the larceny, and, therefore, his guilt, and thereon hold that the instruction is without prejudice. For the error in this instruction the judgment of the district court is

REVERSED.