STATE OF IOWA, Appellee, v. THOMAS J. NUGENT, Apellant.

**Seduction:** DISMISSAL OF PROSECUTION.  A defendant in a prosecution for seduction is not entitled to a dismissal under Code, section 5536, because the trial has been postponed over the second term at which it was triable, where by agreement it was continued until a civil action for damages involving the same facts had been disposed of, the civil action being on trial at the time the motion to dismiss was ruled upon.

**Seduction:** EVIDENCE OF OFFER OF SETTLEMENT.  One charged with seduction may lawfully attempt a settlement of the civil claim for damages and the act cannot be construed in the criminal prosecution as a confession of guilt; and a reference, in the cross-examination of prosecutrix, to the civil action and also to a conversation with defendant's attorney in the presence of defendant with reference to the date of the seduction, did not authorize her examination on redirect as to a proposition of settlement and offer of money to dismiss the civil action.

**Evidence.**  On a prosecution for seduction evidence of the birth of a child is admissible, at least in support of the claim of intercourse and the date thereof.

**Election between acts.**  Although a prosecutrix testifies to several acts of intercourse yet she cannot be compelled to elect on which she will rely, in a prosecution for seduction, since the seduction occurred at the time of the first act, and the subsequent acts were material as bearing on the relation of the parties and to corroborate the prosecutrix respecting the initial act.

**Instruction:** ALIBI.  An instruction that "if the entire evidence, including the *defense* of alibi, upon the whole case raises a reasonable doubt as to the defendant's guilt then you should acquit him" is held to have been without prejudice, although the court inadvertently used the word "defense" where the word "evidence" was intended.

*Appeal from Greene District Court.*— HON. Z. A. CHURCH, Judge.

THURSDAY, MAY 9, 1907.

THE defendant was convicted of the crime of seduction, and he appeals. The opinion states the case.— *Reversed.*

*C. E. Reynolds,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

BISHOP, J.— I. The indictment against the defendant was returned at the March, 1904, term of court, and the defendant appeared at that term in person and by attorney and pleaded not guilty. It seems that preceding this the prosecuting witness, Nellie Breiner, had commenced a civil action against defendant to recover damages growing out of her alleged seduction, and at the August, 1904, term of court, a stipulation was made of record to the effect that proceedings under the indictment should be continued until said civil action had been tried. ·Accordingly continuances were had at the October, 1904, and January, 1905, terms, respectively. At the March, 1905, term, the State moved for a continuance on the ground of the ill health of the prosecuting witness, and this was resisted by the defendant, for the reasons that the showing was not timely, and was insufficient as to the fact of ill health, and furnished no reasonable assurance that the witness could be produced at the next term of court. The motion was sustained, and we think properly so. Without setting it out in detail, it is sufficient to say that in its facts the showing was sufficient; moreover, as shown by the record, the civil case referred to was on trial at the time the ruling was made. Thereafter, and at the same term of court, the

1. SEDUCTION: dismissal of prosecution.

defendant appeared and demanded trial during the term. This being refused, and relying upon Code, section 5536, he moved to dismiss, on the ground that four terms of court at which he might have been tried had passed since his indictment and plea. The motion was overruled, and, in view of the situation as we have outlined it above, it is manifest that the ruling was correct.

II. During the cross-examination of the prosecutrix, the fact was brought out that prior to the indictment she had commenced and there was still pending, her civil action

2. Seduction: evidence of offer of settlement.

against defendant to recover damages on account of her seduction by him. The witness also admitted having had a conversation with defendant's attorney, in the presence of defendant and his sister, and occurring after the civil suit had been commenced, but before the indictment; and following this admission she was asked by defendant's attorney if she had not on the occasion of that conversation stated that her seduction took place on March 30, 1903. To such question, the witness answered: " I did tell you of that act. You asked a number of questions," etc. On redirect examination, the county attorney was permitted over objections to show by the witness that on the occasion of the conversation referred to in cross-examination, an attempt was made by the attorney, aided by defendant's sister, to induce the witness to accept of a sum of money, which was produced at the time and offered to her, and dismiss her civil suit. Now, the cross-examination — and we have set out above all that has bearing — did not warrant the admission of the matter thus brought out on redirect. Under the circumstances of the case, such matter was not competent or material to any purpose involved in the issue. An offer of compromise of the civil suit made by the attorney, in the presence of defendant and presumably by his authority, was not in law or in fact tantamount to a confession of guilt. Defendant had the right to effect a settlement if he could, and whether this was on motive to redress

a wrong done by him or simply to buy his peace was wholly immaterial. This is but elementary doctrine.

Possibly the court took the view that as defendant had called out part of the conversation in question the State was entitled to all thereof. And in the books there is to be found expression of such a rule. But no warrant is to be found for extending such rule to cover a subject-matter, in itself incompetent, which, although touched upon during the course of the conversation, was not broached in the examination of the witness by the opposite party. 3 Ency. of Evidence, 835. That the error thus pointed out was in all likelihood followed by prejudice, we are bound to presume. There is nothing in the record upon which to predicate a contrary conclusion. The jury was given no instruction on the subject, and as the fact of intercourse was the subject of a direct issue in the evidence, it may very well be that in their deliberations the offer of settlement was regarded as a circumstance unfavorable to defendant. In criminal cases only technical errors which do not affect the substantial rights of the defendant, are to be disregarded as without prejudice. If the error involves a material point in the case, prejudice must be presumed, unless on survey of the whole record the contrary affirmatively appears. Code, section 5462, and cases cited thereunder.

III. The prosecutrix was allowed to testify that she had given birth to a child, as the result of intercourse had with the defendant. This is complained of as error. The complaint is without merit. The evidence was admissible at least as supporting the contention of the prosecutrix that she had had sexual intercourse, and the date thereof. *State v. Clemons,* 78 Iowa, 123; *State v. McGinn,* 109 Iowa, 641.

3. EVIDENCE.

IV. It is charged in the indictment that the seduction took place on or about November 3, 1902. The prosecutrix testified that the first act of intercourse took place some time in November; that the next act took place March 1st,

following; and that other acts took place on March 15th and
March 30th. At the close of the evidence for
the State, the defendant moved that the State
be required to elect on which act of intercourse as testified to
by the prosecutrix it would rely to support the indictment.
The motion was overruled, and properly so. The seduction,
if such there was, took place on the occasion of the act of
intercourse in November. The acts following were material
only as bearing upon the subsequent relationship and famil-
iarity of the parties, and to corroborate the prosecutrix in her
statement respecting the initial act. *State v. Mackey,* 82
Iowa, 393; *State v. Wickliff,* 95 Iowa, 386. Conceding that
a woman might be twice seduced by the same man, still such
could not occur where as here — accepting as we must the
testimony of the prosecutrix on the point — the relation of
lovers continued to exist from the occurrence of the first to
the last act. The cases cited by counsel for appellant to
sustain his position are not in point. In *State v. Hurd,* 101
Iowa, 391, incest was the crime charged, and in *State v.
King,* 117 Iowa, 484, rape was the crime charged. In such
cases each separate act of intercourse must be in the very
nature of things regarded as a separate crime, and hence
must be charged separately. As involved in a continuous
relationship, it is manifest that there can be but one seduc-
tion no matter how frequently intercourse takes place after
the occasion of the first act.

> 4. ELECTION BE-
> TWEEN ACTS.

V. One matter of defense relied on by defendant was
what is known in law as an " alibi." On this subject the
court told the jury in the charge given that the burden was
on the defendant " to establish by a pre-
ponderance of the evidence his defense of
alibi; but, if the entire evidence, including the defense of
alibi, upon the whole case raises a reasonable doubt as to
the defendant's guilt, then you should acquit him." This
instruction is complained of, and, in particular, because of
the expression " including the defense of alibi " as it appears

> 5. INSTRUCTION:
> alibi.

therein.   The argument is that, taking the instruction as it reads, the jury was given to understand that before defendant could have advantage from the evidence tending to prove the fact of alibi, he must have established such defense by a preponderance of the evidence relating to the subject.   It is evident to our minds that the court inadvertently used the word " defense " where the word " evidence " was intended; that is to say, the court intended to tell the jury that if upon the entire evidence including that addressed to the subject of alibi a reasonable doubt arose as to the guilt of the defendant, then they should acquit him.   And this would have been a proper statement of the rule.   However, we think it not probable that the jury was led to take an incorrect view of the subject, and accordingly we should not reverse on this ground alone.   The situation is not like that appearing in *State v. McGarry,* 111 Iowa, 709, cited to our attention by counsel for appellant.   There the jury was instructed that if the defense of alibi had not been established by a preponderance of the evidence on the subject, the jury should not consider such evidence as had been brought before them " as a basis for reasonable doubt "— plainly enough an error carrying prejudice.

We have given consideration to all the matters of error contended for, necessary in view of the fact that the case must go back for a retrial.   For the error pointed out in the second division of this opinion, the judgment of the court below must be reversed, and the case is remanded for a new trial.— *Reversed.*