STATE OF IOWA, Appellee, v. TILDA MINER, Appellant.

No. 40499.

OCTOBER 27, 1931.

James E. Remley and A. A. Cole, for appellant.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and Clifford B. Paul, for appellees.

WAGNER, J.—The defendant, Tilda Miner, thirty-seven years of age, was the wife of Edward Miner, sixty-four years of age. Under the record, there can be no question that Edward Miner died February 25, 1930, as the result of strychnine poisoning. His death, if not accidental or suicidal, was brought about by

means of poison, so as to constitute murder in the first degree. There is evidence from which the jury could find that the defendant and also Hartwig were guilty of the crime. There is some evidence to the effect that the defendants were infatuated with each other; that on February 20th Hartwig procured from the drug store at Olin, where all of the parties reside, one eighth of an ounce of strychnine for the expressed purpose of killing rats; that strychnine was placed in capsules, and these capsules placed in a small box with other capsules containing medicine which the deceased had been taking for an ailment. The jury could find from the evidence that the capsules were placed in the box by either the appellant or Hartwig. There is no direct evidence that either of the defendants gave or administered strychnine to Edward Miner, and he was up and around the house and able to get his medicine.

The court, in one of the instructions, told the jury that the county attorney's information jointly charges the defendants Miner and Hartwig with the crime of murder, for which the defendant Miner is now on trial, and then proceeded:

"Under the law of this state the distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must be indicted, tried and punished as principals.

"You are instructed that even though the true information charges this defendant as a principal she may be convicted on proof beyond a reasonable doubt that she aided and abetted the commission of the crime charged herein."

The appellant complains because of the giving of this instruction. It is her contention that there is no evidence from which the jury could find that she was an accessory before the fact; that, under the evidence, if guilty at all, she was only guilty as a principal. The jury could find from the evidence, as disclosed by the record, that all that was manually and physically done in the procurement of the strychnine and placing the same in the box of medicine was done by Hartwig. If this be true, then Hartwig was a principal. The jury could also find from the evidence, as disclosed by the record, that what, if any-

thing, was done by the defendant, Miner, was done by her in aiding the act or acts committed by Hartwig. Therefore, it was proper for the court to give an instruction as to the liability of an accessory before the fact.

■ The appellant further urges that the aforesaid instruction is erroneous in the last paragraph, in that it omits the element of knowledge on her part of the act upon which she could be convicted as an accessory before the fact. There is merit in this contention. In State v. McCarty, 210 Iowa 173, the court gave to the jury the following instruction:

" 'So, in this case, if you find that the state has established beyond a reasonable doubt that the defendant aided, abetted, assisted, advised, or encouraged any other person to commit the crime charged in the indictment, you should return a verdict of guilty.' "

We held this instruction erroneous, in that the element of knowledge is therein omitted, saying: "Knowledge is a necessary element to constitute an accessory."

The aforesaid instruction is the only one given on the subject. Our holding in the cited case is controlling in the instant case. It is therefore apparent that the aforesaid instruction is erroneous, and for the giving of the same prejudice is presumed, and we cannot hold, as contended by the State, that it is unprejudicial to the defendant.

Our holding relative to the aforesaid matter makes it unnecessary to consider the other matters urged upon us for a reversal, none of which are likely to arise on a new trial. The judgment of the trial court is hereby reversed and the cause remanded for a new trial.—Reversed.

FAVILLE, C. J., and ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.

STEVENS, J. (dissenting)—I am unable to concur in the majority opinion. The instruction complained of and quoted is, in my judgment, a correct statement of the law. It is in almost the exact language of the statute. The omission of the word "knowledge" or "knowingly" from the instruction is not error. Knowledge is not an element of the offense charged in the indictment. If the appellant was an accessory, she was an acces-

sory before the fact and participated directly in the commission of the crime, if a crime was, in fact, committed.

The charge against the appellant in State v. Empey, 79 Iowa 460, was larceny committed by receiving stolen property. The statute then, as well as Section 13042 of the present code, made knowledge a specific element of that crime. State v. McCarty, 210 Iowa 173, involved a charge of larceny. Out of an abundance of caution and based upon a mere scintilla of evidence, the court gave an instruction in which the word "knowingly" was employed. The word "knowingly" in the instruction given was to meet the possibility of the testimony that the defendant received the property from one Chapman, who, all of the evidence showed, was concerned in the commission of the crime. In such case, knowledge of the larceny was an essential element of the crime.

Its use was proper in both cases because knowledge was an essential element of the crime charged and sought to be established by the evidence. It may be conceded that one may aid and abet another to commit a crime without having the slightest intention of committing a public offense. The absence of knowledge in such case tending, as an evidential fact, to negative a criminal intent may be a complete defense to the charge. Even with this concession, I am still of the opinion that the instruction is not erroneous. It may be assumed that it would have been proper for the court to have given an instruction on the question of knowledge and it may be that it was error for the court to fail to incorporate such an instruction in the charge to the jury, but this is immaterial. The challenge, and the only one, is to the accuracy of the instruction actually given. It may even be conceded that the word "knowingly" or "knowledge," if necessary to a correct charge, may have been properly included, had the court seen fit to do so, in the instruction under discussion, but this does not make out error therein.

It is my contention that the court was not bound to use the term "knowledge" or "knowingly," which are not necessary elements of the offense, in defining the crime to the jury.

Evans and De Graff, JJ., join in this dissent.