State of Iowa, appellee, v. Kenneth Barton, appellant.

No. 51921.

(Reported in 140 N.W.2d 886)

Donald D. Mullin, of Creston, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Gary L. Anderson, County Attorney, of Creston, for appellee.

GARFIELD, C. J.—Defendant Kenneth Barton was indicted for the crime of assault with intent to commit manslaughter upon Anna Barton (his mother), and with being a habitual criminal, in violation of section 747.5, Code, 1962, in that he had twice previously been convicted of crime, sentenced and committed to prison for terms of five years. Two competent, experienced attorneys were appointed to defend him. Upon his plea of not guilty to the crime of assault with intent to commit manslaughter defendant was tried and found guilty by a jury. He later admitted the two alleged prior convictions and was sentenced to a term not to exceed 25 years in the state penitentiary at Fort Madison.

Defendant's appeal assigns three errors: 1) giving jury instruction 14 relating to his failure to testify and 2) instruction 13 relating to flight; 3) overruling defendant's motion for new trial alleging he did not receive a fair trial. We find no merit in either the second or third assignments but feel compelled to sustain the first and order a new trial.

No extended statement of the evidence is needed. On the evening of January 1, 1965, defendant, age 30, went to the home in Creston of his father and mother, aged 70 and 63, announced he had come to kill his father and proceeded to administer to him

a severe beating without legal provocation; when defendant's mother and his wife (also present) attempted to prevent further brutality defendant struck his mother on the jaw with his fist and over the head three or four times with a five-cell flashlight; when the two women tried to wrest from defendant an electric drill weighing seven and three-fourths pounds with which he was beating his father, defendant threw the drill at his mother, it struck her in the side of the head and "bashed" her face in; there was a cut four inches long and three-fourths inch deep in the mother's head from which she bled profusely.

Finally, defendant suggested to his father that the fight end and he was ready to go to Fort Madison (site of the state penitentiary where defendant had been committed after his second prior conviction); when the father and defendant stood up after this announcement defendant "floored" his father again and stomped and kicked him in the stomach some more; the mother's face, body and dress were covered with blood and the floor of the room "looked like they had butchered."

Defendant's sister took her mother to the Creston hospital soon after he left the home and she was a patient there until January 4. In addition to the deep cut in her head Mrs. Barton's eyes were black and swollen and she suffered a mild concussion.

Defendant did not testify and no evidence was offered in his behalf.

I. We quote jury instruction 14:

"The defendant did not testify before you as a witness. He has a legal right to testify or not as he chooses. The burden rests upon the State to prove all the material allegations of the indictment beyond a reasonable doubt.

"The fact that defendant did not testify in his own behalf may be considered by you together with all the evidence in the case bearing upon this subject in determining the question of the guilt or innocence of the defendant."

Defendant did not object to instruction 14 when given nor in his motion for new trial filed six days later, although he did object to instruction 13 on the ground evidence of flight was insufficient to warrant submission of the question. Defendant also objected to another instruction, likewise on an untenable ground.

928

The trial was concluded on March 4, 1965. Griffin v. California, 380 U. S. 609, 615, 85 S. Ct. 1229, 1233, 14 L. Ed.2d 106, 110, was decided April 28, 1965.

On the question of defendant's failure to testify in a criminal case, the Griffin opinion concludes: "We * * * hold that the Fifth Amendment, * * * in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

Tehan v. United States ex rel. Shott, 382 U. S. 406, 86 S. Ct. 459 (January 19, 1966), holds the rule of Griffin v. California is not to be given retrospective application. In Tehan the judgment of conviction had been finally affirmed by the state appellate courts and the supreme court had refused to intercede almost two years before the Griffin decision was filed. Footnote 3 to the Tehan opinion states: "Nor is there any question of the applicability of the *Griffin* rule to cases still pending on direct review at the time it was announced. Cf. *O'Connor v. Ohio,* [No. 281 Misc., O. T. 1965], 382 U. S. [286], 86 S. Ct. 445. December 13, 1965."

Barton was sentenced March 26, 1965, and appealed May 20. So apparently the supreme court has directed application of Griffin v. California to such a case as this which is here on direct appeal. On the strength of the cited decision we have been compelled to reverse convictions in State v. Johnson, 257 Iowa 1052, 135 N.W.2d 518, 521; State v. Beshears, 258 Iowa 389, 138 N.W. 2d 886, and State v. Osborne, 258 Iowa 390, 139 N.W.2d 177.

The instruction held to be error in the Johnson and Beshears cases goes further than instruction 14 here in that it states defendant's failure to testify may be considered as an inference of guilt. This instruction says only that defendant's failure to testify may be considered together with all the evidence. Then too in Beshears the State conceded a reversal was necessary under the Griffin decision. Here the State admits only that instruction 14 was error but contends it was harmless because, we are told, it is improbable the jury would have reached a verdict more favorable to defendant if the instruction had not been given.

Further, the Beshears record shows he excepted in the trial court on constitutional grounds to the instruction given.

In State v. Osborne, supra, as in Griffin v. California, supra, the prosecuting attorney commented in argument upon defendant's failure to testify and this point was raised in Osborne's motion for new trial. It is not contended the county attorney indulged in such comment here and, as stated, the first claim of error asserted on this appeal was not made to the trial court.

Notwithstanding these differences between the Griffin case, our three recent decisions which follow it, and the present record we think the Griffin rule requires a new trial here on the charge of assault with intent to commit manslaughter. Instruction 14 calls the jury's attention to defendant's failure to testify and states it may be considered.

In fairness to the trial court we may point out again that Griffin v. California was decided after this sentence was imposed and before Twining v. New Jersey, 211 U. S. 78, 29 S. Ct. 14, 53 L. Ed. 97 (decided in 1908), and the many supreme court decisions which reaffirm it were disapproved. See Tehan v. United States ex rel. Shott, supra, 86 S. Ct. 459 (January 19, 1966).

■ We cannot accept the State's argument that the error in giving instruction 14 may properly be held to have been harmless. It is presumed to have been prejudicial unless on a survey of the whole case the contrary appears. State v. Miner, 213 Iowa 193, 195, 238 N.W. 594; State v. Nugent, 134 Iowa 237, 240, 111 N.W. 927, 929; State v. Wheeler, 129 Iowa 100, 106, 105 N.W. 374, 376. Compare State v. Bosch, 172 Iowa 88, 94, 95, 153 N.W. 73.

We have carefully considered People v. Bostick, 62 Cal.2d 820, 44 Cal. Rptr. 649, 402 P.2d 529, and People v. Robinson, 62 Cal.2d 889, 44 Cal. Rptr. 762, 402 P.2d 834, cited by the State in support of its argument the error in instruction 14 was harmless. They do not apply unless we can say it is improbable the jury would have reached a verdict more favorable to defendant in the absence of such an instruction. We are not persuaded such a conclusion is warranted.

■ II. There is substantial evidence of defendant's flight

to support an instruction, such as No. 13, on the question. As stated, when defendant decided the physical abuse of his father should cease he announced he was ready to return to the penitentiary, thus inferring he knew he had committed a third felony. A warrant was issued for his arrest that evening. Search by the officers for him in and near Creston failed to locate him. A call for his arrest, with a description of him and his car, also its license number, sent out over the state police radio to all peace officers in Iowa and adjoining states, did not result in his arrest.

On the evening of January 9 defendant appeared at his parents' home, stated he had been in Denver on a tea diet since January 1, looked at his mother's head, said "Oh, Christ," helped himself to coffee and departed in about 15 minutes. Defendant also told the sheriff and a state highway patrolman he had gone to Colorado.

State v. Robinson, 170 Iowa 267, 283, 152 N.W. 590; State v. O'Meara, 190 Iowa 613, 625, 627, 177 N.W. 563; State v. Bige, 195 Iowa 1342, 1346–1348, 193 N.W. 17; State v. Loucks, 218 Iowa 714, 717, 718, 253 N.W. 838, support our conclusion as to this assigned error.

III. The allegations in the motion for new trial that defendant did not receive a fair trial are without merit.

In beginning his voir dire examination of jurors, in order to inform them of the nature of the case, the county attorney stated defendant was accused of making a violent attack upon his mother. Defendant's counsel objected to the remark as prejudicial and asked for a mistrial. The court instructed the jury to disregard the word "violent" and denied a mistrial. We are now told that by use of the quoted word the prosecutor set out to inflame the minds of the jurors.

We think the court's ruling was as favorable to defendant as he was entitled to. Certainly the prosecutor could properly have informed the jurors defendant was accused of assault with intent to commit manslaughter upon his mother. What he did say was no less proper. We have held many times that counsel's voir dire examination of jurors is within the trial court's discretion. State v. Dalton, 254 Iowa 96, 99, 100, 116 N.W.2d

451, 453, and citations. Certainly no abuse of discretion appears here.

 In his opening argument to the jury the county attorney stated that Iowa law provides a person may aid another about to be injured sufficient to prevent such injury. Defendant's counsel objected and moved for a mistrial "because the court will instruct the jury as to the law." Since it was not contended in the trial court, nor here, the statement in argument was incorrect, we have no occasion to consider its correctness. See, however, section 691.3, Code, 1962. We are clear the statement did not entitle defendant to a mistrial or a new trial. Incidentally it seems probable defendant's counsel argued to the jury that the law required the State to prove defendant's guilt beyond a reasonable doubt.

 The county attorney had marked as an exhibit the bloody dress Mrs. Barton wore during the beating administered to her and offered it in evidence. It was excluded evidently on the ground she had placed it in water in a bathtub upon removing it after the affray and so the blood on it was not in the same condition as when she removed it. The dress was shown to be in the same condition except for its being in water for a short time before the sheriff took it into custody. Of course no additional blood got on the dress while it was in the water. The court fully cautioned the jury the dress was excluded and must not be considered.

We are told the county attorney must have known the dress was not properly admissible in evidence and should not have offered it. The court found no misconduct of the county attorney and there is insufficient basis for holding this was an abuse of discretion.

 We have frequently held misconduct of counsel (if there were such here) does not require a new trial unless it appears to have been so prejudicial as to deprive defendant of a fair trial; such a trial does not necessarily mean an absolutely perfect one; the trial court is in a much better position than we are to judge whether claimed misconduct of counsel is prejudicial; considerable discretion is allowed the trial court in passing on such a matter; we will not interfere with its determination unless it

clearly appears there has been a manifest abuse of discretion; also that the State as well as a defendant is entitled to a fair trial. State v. Case, 247 Iowa 1019, 1029, 1030, 75 N.W.2d 233, 240, and citations. See also State v. Harless, 249 Iowa 530, 536, 86 N.W.2d 210, 213; State v. Long, 250 Iowa 326, 333, 93 N.W. 2d 744, 747.

We are told the county attorney attempted to prejudice the jurors by asking leading questions. Some leading questions were asked. Objections to practically all of them were sustained. Defendant's counsel frequently lodged objections to questions on this ground when the questions were not for this reason objectionable. In many instances one of defendant's attorneys would object to a question and the other would add to the objection and argue the point. The trial court showed commendable patience and fairness, at least to defendant and his counsel, throughout the taking of evidence and before and afterward.

For the error in giving instruction 14 the case must be— Reversed and remanded.

All JUSTICES concur except SNELL, J., who dissents from Division I and a reversal.