STATE OF IOWA, appellee, v. FRANKLIN RAY MERCER, appellant.

No. 52318.

(Reported in 154 N.W.2d 140)

November 14, 1967.

Ben E. Kubby, of Des Moines, for appellant.

Richard C. Turner, Attorney General, and William A. Claerhout, Assistant Attorney General, for appellee.

GARFIELD, C. J.—Following indictment and trial defendant was convicted of operating a motor vehicle while intoxicated, third offense, in violation of section 321.281, Code, 1962. There is ample evidence to support the conviction.

Defendant's sole contention upon this appeal is that he was denied a fair trial by claimed misconduct of the State's attorney in asking a total of three unanswered questions on cross-examination of two so-called character witnesses for defendant. The trial court thought there was no such misconduct as deprived defendant of a fair trial. We hold the court's ruling was not a clear abuse of its discretion in such matters and affirm the conviction.

I. Only brief reference to the record is necessary. Before he was called as a witness and before the State made any attack on his honesty, defendant attempted to show he was honest and told the truth.

W. H. Smith, defendant's first witness, testified that from his personal knowledge and talks with others he had formed an opinion as to defendant's reputation in the community *of* truth and veracity. Asked for that opinion, the witness answered: "I would say he's honest and tells the truth." On cross-examination the witness was asked "Have you heard the rumors and re-

ports in and about the community that this defendant has been arrested some 18 times for intoxication?"

Before this question was answered, the court ruled that at the then stage of the trial defendant's reputation and character were irrelevant and immaterial, struck the witness' testimony and the question asked by the prosecutor and admonished the jury to disregard the matter stricken. No complaint is made of the ruling.

After defendant testified in his own behalf and said on cross-examination he had been convicted of a felony, defendant recalled witness Smith who testified "he would say defendant was honest, tells the truth. *As far as conduct while he was around defendant he was a good citizen.*" (Emphasis added.)

The prosecutor asked Mr. Smith on cross-examination "Do you know anything about this defendant's reputation in the community for sobriety?" Objection to the question as incompetent, irrelevant, immaterial and highly prejudicial was made and sustained. The court was not asked to admonish the jury to disregard the question.

We are not sure the quoted question was improper in view of testimony on direct examination that defendant was a good citizen. In any event, we are not justified in holding, contrary to the view of the trial court, the mere asking of the question was misconduct of the questioner which was so prejudicial as to deny defendant a fair trial. The witness was not asked to state what defendant's reputation for sobriety in the community was. There is no way of knowing whether his answer, if permitted, would have been prejudicial or favorable to defendant.

Walter R. Virden was the second so-called character witness defendant called. He testified on direct examination: "I never heard anybody ever say anything against Mr. Mercer. *If he told you he would do something he would do it.* The defendant's name would just come up when they were talking about this or that. As far as he is concerned the defendant's reputation in this community as far as truth and veracity is good." (Emphasis added.)

The cross-examiner asked this one question: "Do you have an opinion as to this defendant's reputation for sobriety?" De-

fendant's objection to the question as incompetent, irrelevant, immaterial, and highly improper was sustained. Again, the court was not asked to admonish the jury to disregard the question. Admonishing the jury might only have emphasized the matter. State v. Long, 250 Iowa 326–335, 93 N.W.2d 744, 749. This unanswered question called for an affirmative or negative answer. As indicated, this witness was also not asked to express any opinion and there is no way of knowing whether an answer to the quoted question, if permitted, would have been prejudicial or favorable to defendant.

A third witness testified that in his opinion defendant was truthful, whatever he said "that's it, he isn't going to deviate from the truth." A fourth witness testified he believed defendant was "quite dependable, quite honest and tells the truth." No questions were asked either of these witnesses on cross-examination.

■ II. We need not determine whether the prosecutor's mere asking of the three questions above quoted of witnesses Smith and Virden was misconduct. If we assume, without so deciding, it was, we are faced with the firmly established rule that misconduct of the prosecutor does not require a new trial unless it appears to have been so prejudicial as to deprive defendant of a fair trial. Some of the precedents supporting the rule are State v. Olson, 249 Iowa 536, 554, 86 N.W.2d 214, 225, and citations; State v. Slauson, 249 Iowa 755, 759, 88 N.W.2d 806, 808, 809; State v. Hess, 256 Iowa 794, 800, 129 N.W.2d 81, 84, and citations; State v. Barton, 258 Iowa 924, 931, 140 N.W.2d 886, 891.

■ "A fair trial does not necessarily mean an absolutely perfect trial." State v. Haffa, 246 Iowa 1275, 1286, 71 N.W.2d 35, 42, certiorari denied 350 U.S. 914, 76 S Ct. 198, 100 L. Ed. 801; State v. Case, 247 Iowa 1019, 1030, 75 N.W.2d 233, 240; State v. Hess and State v. Barton, both supra.

■ State v. Barton, supra, at pages 931, 932 of 258 Iowa, page 891 of 140 N.W.2d, states these other rules, equally settled, applicable to this appeal: "* * * the trial court is in a much better position than we are to judge whether claimed misconduct of counsel is prejudicial; considerable discretion is allowed the trial court in passing on such a matter; we will not interfere

with its determination unless it clearly appears there has been a manifest abuse of discretion; * * *." (Citations)

After citing and analyzing several of our precedents, State v. Jensen, 245 Iowa 1363, 1368, 66 N.W.2d 480, 482, continues: "It is the sound reasoning of these and other Iowa cases that the trial court has before it the whole scene, the action and incidents of the trial as they occur, and is in a much better position to judge whether the defendant has been prejudiced by misconduct of opposing counsel, if there is such. * * * The trial court occupies a position of vantage and is rightly given a considerable discretion in determining whether prejudice has resulted." See also State v. Ryerson, 247 Iowa 385, 393, 73 N.W.2d 757, 762, 55 A.L.R.2d 1190, and citations.

State v. Hess, supra, 256 Iowa 794, 800, 129 N.W.2d 81, 84, quotes this with approval from 24A C.J.S., Criminal Law (1962), section 1902(1)a, pages 995–1001: "A cause will not necessarily be reversed because of alleged misconduct of counsel. On the contrary, appellate courts are strongly inclined against setting aside convictions because of misconduct of counsel. * * * [It] is generally regarded as harmless and not cause for reversal where it * * * has not resulted in depriving accused of a fair trial, or * * * in a miscarriage of justice * * *."

State v. Long, supra, 250 Iowa 326, 335, 93 N.W.2d 744, 749, approves this same language taken from 24 C.J.S., Criminal Law (original volume), section 1902a, pages 896–898.

The seven Iowa decisions cited in defendant's brief have been carefully considered. The three latest ones which seem to be most relied on are State v. Tolson, State v. Leuty and State v. Comes, all infra. Applicable here is this from State v. Long, supra, 250 Iowa 326, 332, 93 N.W.2d 744, 747, concerning these three decisions:

"II. The three cases cited by appellant in his brief, State v. Tolson, 248 Iowa 733, 82 N.W.2d 105, State v. Leuty, 247 Iowa 251, 73 N.W.2d 64, and State v. Comes, 245 Iowa 485, 62 N.W.2d 753, do not support the contention that the defendant did not receive a fair trial in this case. In each of those cases there were repeated, persistent and flagrant acts of misconduct by the pros-

ecuting attorney, sometimes continued after adverse rulings by the trial court. No such misconduct appears in this case."

Of course we do not hold it is never a clear abuse of discretion for a trial court to rule a fair trial was had where there has been misconduct of the prosecuting attorney. What we do hold, as indicated at the outset, is that this record does not show such an abuse of discretion here.

We deem unnecessary any extended discussion of the rules applicable to character evidence as bearing on the moral character of a witness for the purpose of testing his credibility or of the accused as bearing on the probability or lack thereof that he committed the crime charged. An extended discussion of the subject by Dean Mason Ladd is contained in 24 Iowa Law Review 498, entitled "Techniques and Theory of Character Testimony." Many of our decisions cite the article with approval.

State v. Ferguson, 222 Iowa 1148, 1159–1163, 270 N.W. 874, and State v. Scalf, 254 Iowa 983, 119 N.W.2d 868, are two of our most important precedents in this area. See also State v. Hall, 259 Iowa 147, 143 N.W.2d 318, 323, 324, and authorities cited, regarding the requirement that where character of a witness or of a defendant is sought to be shown by evidence of his reputation, the question should call for the *general* reputation of the person inquired about, not merely his reputation.—Affirmed.

All JUSTICES concur except MASON, RAWLINGS and BECKER, JJ., who dissent.