**The STATE of Iowa, Appellee,**

v.

**Elvin GILROY, Appellant.**

**No. 54886.**

Supreme Court of Iowa.

June 29, 1972.

H. J. McNertney, Bankcroft, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Joseph J. Straub, Kossuth County Atty., Algona, for appellce.

RAWLINGS, Justice.

Defendant Elvin Gilroy was charged, tried and found guilty of murder in the

perpetration of a robbery, premeditated murder, and robbery with aggravation. He appeals from concurrent sentences of life imprisonment on each homicide conviction and not to exceed 25 years for aggravated robbery. We affirm.

The basic factual situation is as set forth in State v. Cunha, 193 N.W.2d 106 (Iowa). It need not be here repeated.

Other relevant facts will be referred to only as essential to a consideration of issues instantly presented.

These are, defendant was (1) improperly convicted of a crime for which the principal perpetrator and common law accomplice had been acquitted; (2) erroneously denied benefit of a mistrial order upon appearance in court of accomplice Ronald Kelsey; (3) reversibly denied a new trial; (4) deprived of a fair trial.

I. By the first assignment Gilroy contends, in substance, his convictions on the aforesaid murder charges were barred by acquittal of a common law accessory before the fact (perpetrator). That issue was, in essence, determined adverse to this defendant in State v. Cunha, 193 N.W.2d at 109. Further discussion is unnecessary.

II. His pretrial motion, requesting sequestration of State witnesses, "so that the only witness in the courtroom is the one testifying" was sustained.

In course of trial a State's witness, Kathy Johnson, testified she was present and saw the man when he fired the fatal shot at Melvin Bay, Algona, Fareway Store manager. At that point Ronald Kelsey was brought into the courtroom. The witness Johnson was thereupon asked whether the man who shot Bay was present and she answered in the affirmative.

Counsel for defendant, being then granted leave to make record in chambers, moved for a mistrial apparently upon a claim of (1) prejudice resulting from Kelsey's courtroom appearance allegedly wearing prison garb; (2) violation of the aforesaid pretrial witness separation order.

Inceptionally it is not apparent Kelsey was attired in any readily discernible prison garb. On the contrary it appears he was wearing blue denim dungarees and blue work shirt, barren of any identifiable insignia. Neither does the record disclose presence of improper official escort or custodial restraint of Kelsey in the courtroom. See ABA Standards Relating to Trial by Jury, § 4.1, Approved Draft.

Trial court found no prejudice resulted from Kelsey's brief appearance in court for identification purpose only.

Under existing circumstances we find no abuse of discretion in the overruling of defendant's mistrial motion. See State v. Mercer, 261 Iowa 371, 374–375, 154 N.W.2d 140. Although factually distinguishable, see also Hernandez v. Beto, 443 F.2d 634, 636–637 (5th Cir.).

III. The question now to be resolved is whether Kelsey's courtroom appearance was in violation of the aforesaid witness sequestration order.

Defendant seemingly takes the position Kelsey appeared as a *witness* while Kathy Johnson was testifying. We cannot agree.

In the first place, as previously disclosed, he was present only for purpose of identification, being neither questioned nor called upon to give any testimony.

The term "witness", in this jurisdiction, ordinarily means one who gives evidence under oath or affirmation, in person or by affidavit or deposition, in any proceeding in any court of justice, or before any officer thereof, or before any tribunal or officer created by law, or in any proceeding in regard to any matter or thing in or respecting which an oath or affirmation is or may be required or authorized by law. See State v. Deets, 195 N.W.2d 118, 121 (Iowa); In re Estate of Burcham, 211 Iowa 1395, 1399, 235 N.W. 764. See also People v. Martin, 316 Mich. 669, 26 N.W.

2d 558, 559–560; State v. Schifsky, 243 Minn. 533, 69 N.W.2d 89, 93; 1 Wigmore on Evidence, § 1 (3rd ed.); 3 Wigmore on Evidence, § 789 (Chadbourn Rev.); Black's Law Dictionary, "Witness", page 1778 (rev. 4th ed.), id. "Evidence", pages 656–657.

■ It is at once evident Ronald Kelsey did not qualify as a witness by his brief courtroom appearance. By the same token this incident did not violate the pretrial order for sequestration of witnesses.

IV. It is also contended this case must be reversed because trial court erroneously overruled defendant's motion for a new trial. The first assignment thereunder is, the evidence neither supports a first degree murder verdict nor adequately establishes premeditation.

■ This court has repeatedly held, on appeal from conviction based on a jury verdict challenging sufficiency of evidence to sustain the verdict, the evidence is viewed in that light most favorable to the State and we accept as established all reasonable inferences tending to support the jury's action. It is necessary to consider only the supporting evidence whether contradicted or not. Also, it is for the fact finder, not us, to decide questions of fact and determine credibility of witnesses. And a finding of guilt is binding on this court unless without substantial support in the record. E. g., State v. Jennings, 195 N.W.2d 351, 357 (Iowa); State v. Beer, 193 N.W.2d 530, 531 (Iowa).

■ V. Any unlawful killing with malice aforethought, done deliberately, with premeditation and intent to kill, is murder in the first degree. Malice denotes that condition of mind which prompts one to commit a wrongful act intentionally, absent legal justification or excuse. Premeditation and deliberation need not exist for any particular period of time prior to a killing. And the willful use of a deadly weapon or other instrument likely to cause death, with opportunity to deliberate before

it is used, is evidence of malice, deliberation, premeditation and intent to kill. See The Code 1971, Section 690.1; State v. Limerick, 169 N.W.2d 538, 540 (Iowa); State v. Jiles, 258 Iowa 1324, 1332–1338, 142 N.W.2d 451; State v. Tice, 257 Iowa 84, 88–89, 130 N.W.2d 678; State v. Hofer, 238 Iowa 820, 833–836, 28 N.W.2d 475. See generally 3 Underhill's Criminal Evidence, §§ 642–643 (5th ed.).

The record before us discloses evidence from which the jury could and apparently did find Kelsey entered the Fareway Store; was armed with a gun; walked toward a checkout counter, on which a cash register was located; approached Mr. Bay, who was at the time there helping sack groceries; then said "Okay you guys", and fired the fatal shot.

There is also sufficient testimony upon which the jury could determine, though Gilroy did not personally kill Mr. Bay, he was an accomplice and as such accountable for Kelsey's felonious actions. See State v. Jennings, 195 N.W.2d at 356–357; State v. Brown, 172 N.W.2d 152, 155 (Iowa); State v. Girdler, 251 Iowa 1214, 1219, 102 N.W.2d 872; State v. Russell, 245 Iowa 1190, 1204, 66 N.W.2d 35. See also 1 Underhill's Criminal Evidence, § 175 (5th ed.).

■ In light of the foregoing we now hold there was an adequate evidential basis upon which the jury could properly find the gun wielding accomplice, Kelsey, with malice aforethought, deliberately and premeditatedly killed Mr. Bay. That also means defendant Gilroy could be and was held equally responsible. This court cannot now say Gilroy's premeditated murder conviction is without substantial support in the record.

VI. Defendant also asserts the robbery verdict is not sustained by competent evidence, and the record fails to disclose any money was taken.

We are now called upon to determine whether there is substantial support in the record for the jury finding that Gilroy was

guilty of robbery with aggravation. See The Code 1971, Section 711.2.

As previously disclosed the record amply supports a jury finding that defendant was an accomplice in the perpetration of the criminal offense or offenses instantly involved. In addition to prior citations see Deemy v. District Court, 215 Iowa 690, 246 N.W. 833.

Pursuing the matter at hand one more step this court has heretofore held, in effect, there was sufficient evidence to create a jury issue regarding Gilroy's participation in the robbery. State v. Cunha, 193 N.W.2d at 109; see State v. Jennings; State v. Girdler and State v. Russell, all *supra*. See also 3 Underhill's Criminal Evidence, § 699 (5th ed.).

But defendant argues there is an absence of essential evidence disclosing any money was taken from the Fareway Store at the time here concerned. We are not so persuaded.

Robert Lee Cramer, assistant store manager, testified he checked out the four counter machines immediately after Mr. Bay was shot. This revealed a shortage of $27 in machine No. 4, which "did not arise out of the course of business."

Mindful of the fact there was direct evidence placing Gilroy with Kelsey, Cunha and Thomas Hinsey before, at time of and after the Fareway Store invasion, we turn now to other supportive testimony. Sheila Garoutte stated, under oath, Cunha told her they had robbed three different places and shot a man. Kristine Henninger, another State's witness, testified she overheard the conversation, but attributed the above statement to Gilroy who was then present.

The foregoing admittedly stands as circumstantial evidence of "taking", an essential element of any robbery. See Code §§ 711.1–711.2. See generally State v. Calhoun, 72 Iowa 432, 435–436, 34 N.W. 194; People v. Needham, 8 Mich.

App. 679, 155 N.W.2d 267, 269–270; 46 Am.Jur., Robbery, §§ 5–7; 77 C.J.S. Robbery §§ 3–9. But we have often held, such evidence may be equal in value and sometimes more reliable than that which is direct. Where, however, circumstantial evidence alone is relied on as to an essential element, the circumstance or circumstances must be entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of his innocence, and so convincing as to exclude a reasonable doubt that defendant was guilty of the offense charged. Like direct evidence it must raise a fair inference of guilt, generating something more than suspicion, speculation or conjecture. E. g., State v. Patman, 189 N.W.2d 620, 622 (Iowa); State v. Link, 171 N.W.2d 259, 260–261 (Iowa).

In that regard the record, as aforesaid, discloses sufficient evidence upon which the jury could fairly find Gilroy was an accomplice before the fact; accomplice Kelsey entered the Fareway Store armed with a gun with which he shot Mr. Bay; the invaders fled; immediately thereafter money was unaccountably found missing from one of the counter machines; either accomplice Cunha or Gilroy later admitted perpetration of three robberies and the shooting of a man.

Viewing this, and all attendant evidence, most favorably to the prosecution we find it reasonably tends to support the robbery charge. It clearly does more than generate suspicion, speculation and conjecture and suffices to raise a fair inference of guilt.

More specifically, the record discloses adequate substantive evidence from which the jury could reasonably conclude money was taken during the fatal Fareway Store incident.

From this also flows the unavoidable conclusion, there was sufficient evidence to support the jury verdict finding defendant guilty of murder in the perpetration of a robbery. See Code § 690.2; State v. Jackson, 251 Iowa 537, 545, 101 N.W.2d 731;

State v. Brown, 253 Iowa 658, 663, 113 N. W.2d 286.

Despite Gilroy's assertions to the contrary we are satisfied the verdict, finding him guilty of robbery with aggravation, is adequately supported by the total record.

VII. Finally, defendant urges he was "[D]eprived of a fair trial in relation to the other party involved. The insufficiency of the evidence of murder and the insufficiency of the evidence of robbery and the state's violation of order for separation of witnesses and motion in limine, all militate to granting the appellant a new trial."

The matters raised by this omnibus assignment have been previously considered and determined adverse to defendant. In any event an examination of the record discloses no basis on which to now hold he was denied a fair trial.

VIII. Although defendant has at no time, either in trial court or here, challenged the two sentences imposed as the result of one homicide we are satisfied this is double punishment which cannot be allowed to stand. See 21 Am.Jur.2d, Criminal Law, § 546; 24 C.J.S. Criminal Law § 1567(5).

The judgment entered upon conviction of premeditated murder is hereby annulled and set aside. The judgments entered on conviction of murder in the perpetration of a robbery, and conviction of robbery with aggravation, are each and both affirmed. See Code § 793.18.

We therefore affirm, save and except as hereinabove modified.

The trial court record shall be accordingly corrected. See Code § 793.24.

Affirmed as modified.

All Justices concur, except Mc-CORMICK, J., who takes no part.