**STATE of Iowa, Plaintiff–Appellee,**

v.

**Shawn Eugene DAVIS,
Defendant–Appellant.**

No. 87–906.

Court of Appeals of Iowa.

April 25, 1989.

William L. Wegman, State Public Defender, and Raymond E. Rogers, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Mary Cowdrey, Student Intern, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ., but considered en banc.

SCHLEGEL, Judge.

The sole issue in this appeal is whether the trial court erred in denying a new trial on the basis of newly discovered evidence. We believe it did, and reverse for a new trial.

Defendant was involved in an altercation with the victim, Tommy Laws. Defendant's evidence tended to show that he was attempting to put an end to a misunderstanding, and in the process, was pushed and assaulted by Laws. Defendant testified that he became concerned that Laws was reaching for a gun in his pocket or on his belt, and turned to run. He claims that he pulled a 25-caliber automatic from his pocket and fired in self-defense. Two shots struck Laws, one of which penetrated his head, and was fatal. Defendant's claim

was that Laws was armed with a handgun, or that he perceived him to be so armed, and that defendant fired to protect himself from injury or death by that gun.

Defendant was found guilty of second-degree murder. He moved for a new trial on grounds, among others, of newly-discovered evidence. The motion was overruled. This appeal followed.

In an affidavit submitted with defendant's motion for new trial, witness Virgil See alleged that he observed Tommy Laws lying on the ground apparently injured and unconscious. He observed a person in the crowd move Laws slightly, and remove a gun and clip from Law's belt and place it in his own coat. See was unacquainted with the defendant. Davis claims that this evidence would provide the proof that Laws was armed and that it would convince the jury that his fears were justified.

> To prevail on a motion for a new trial based on newly-discovered evidence a defendant must show: (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial. (Citations omitted.)

> In passing on motions for a new trial based upon evidence newly discovered, the trial court is vested with wide discretion. *State v. Compiano*, 261 Iowa 509, 515, 154 N.W.2d 845, 848 (1967). Motions for new trials based upon newly-discovered evidence are not favored and should be closely scrutinized and granted sparingly. *State v. Farley*, 226 N.W.2d 1, 3 (Iowa 1975). The rule is firmly established that to be entitled to a new trial as a matter of law, the rulings of the trial court must appear to have been so prejudicial as to deprive defendant of a fair trial. However, a fair trial does not necessarily mean a perfect trial. *State v. Compiano*, 261 Iowa at 521, 154 N.W.2d at 851. *State v. Haffa*, 246 Iowa 1275, 1286, 71 N.W.2d 35, *cert. denied*, 350 U.S. 914, 76 S.Ct. 198, 100 L.Ed. 801; *State v. Mercer*, 261 Iowa 371, 154 N.W. 2d 140 (1967), and citations. We may disagree with the trial court on close questions of this nature, but must uphold its ruling if not clearly erroneous. *State v. Compiano*, 261 Iowa at 521, 154 N.W. 2d at 851.

*State v. More*, 382 N.W.2d 718, 723 (Iowa App.1985).

The district court determined that Davis had failed to sustain his burden in showing the four elements discussed in *State v. Allen*, 348 N.W.2d 243, 246 (Iowa 1984), in support of his motion for new trial, and consequently, was not entitled to a new trial on the basis of newly-discovered evidence.

The district court ruled that Davis had failed to satisfy the first, third, and fourth elements discussed in *Allen*, those being: (1) that the evidence was discovered after the verdict; (3) that the evidence was material to the issues of the case and not merely cumulative; and (4) that the evidence would have probably changed the result of the trial. The district court ruled that Davis had satisfied only the second element; that Davis had exercised due diligence in the effort to find the evidence.

We believe the district court was in error in finding that Davis failed to satisfy all of the elements necessary for him to prevail on a motion for a new trial. First, as to the timing of the discovery of this evidence, counsel for Davis believed the victim was armed with a gun, and made diligent inquiry of numerous potential witnesses to no avail. He knew that someone had seen a person running down the street with a silver gun, but at no time was that gun associated with the victim. It was not until after the verdict was rendered that someone came forward claiming that the victim had a gun. Counsel's belief—not corroborated knowledge prior to that time—was shown to be true, and in fact a witness to that fact was available. It is a distortion of the record to hold that counsel's uncorroborated belief, prior to trial, that the victim had a gun disqualifies evidence corroborating this theory discovered after the verdict.

As to the third element discussed in *Allen*, we hold that the newly-discovered evidence was material to the issues in the case. Davis's defense was that he shot with justification. He believed the action he took was necessary to preserve his life and safety. He believed Laws had a gun. It was necessary for him to convince the jury that he had justification for that belief. If the jury disbelieved him, they would be justified in finding, as they did, that Davis intentionally killed Laws without justification (second degree murder). Had the evidence of the gun being taken off Laws been available, it would have stood as proof that Davis's beliefs were justified and made his acts of self-preservation more plausible. In that respect, the evidence was material.

Moreover, the evidence probably would have caused the outcome to be different. It is undoubtedly more reasonable for a jury to find the defense of justification to be proper if it has knowledge that the victim was armed with a handgun. It would make it far more plausible that the defendant, seeing a motion toward a belt or pocket, would believe that he was in imminent danger of harm.

We hold that the facts of this case and the evidence discovered after the verdict require that the defendant be given a new trial on the basis of newly-discovered evidence.

REVERSED AND REMANDED FOR NEW TRIAL.

All Judges concur except HABHAB, J., who dissents.

HABHAB, Judge (dissenting).

I respectfully dissent. It has long been the law of this State that motions for new trial based upon newly-discovered evidence are not favored and should be closely scrutinized and granted sparingly. *State v. Compiano*, 261 Iowa 509, 516, 154 N.W.2d 845, 849 (1967). This rule is supported by the need for finality to litigation, and to discourage defendants from withholding evidence at trial and then using it later to attempt to obtain a new trial, and to also discourage their attorneys from poorly investigating and preparing a case for trial out of a belief that a second chance for acquittal might later be gained. *See Jones v. Scurr*, 316 N.W.2d 905, 910 (Iowa 1982).

It is important for the orderly administration of criminal justice that findings on conflicting evidence by trial courts on motions for new trial based on newly-discovered evidence remain undisturbed except for most extraordinary circumstances. *State v. Compiano*, 261 Iowa at 515, 154 N.W.2d at 849.

The trial court is generally in a better position than we are to determine whether evidence newly discovered would probably lead to a different verdict upon retrial, and our supreme court has often said that we should not interfere with its ruling unless it is reasonably clear that such discretion was abused. *Id.* The supreme court in *Compiano*, when referring to *State v. Addison*, 250 Iowa 712, 719, 95 N.W.2d 744, 748 (1959), stated:

[I]t was specifically pointed out that the trial court was in a better position than the appellate court to determine whether diligence, one of the necessary elements to be shown, was used to discover and produce the alleged new evidence relied upon by movant, and whether it would have probably led to a different result upon a retrial.

When I review the record, I do not find that the trial court abused its discretion in denying the request for a new trial based on newly-discovered evidence. I would affirm.