STATE OF DELAWARE v. EDWARD CARTER.

STATE OF DELAWARE v. BENJAMIN RYDZEWSKI.

(*April* 9, 1952)

CAREY, J., sitting.

*Louis J. Finger*, Deputy Attorney-General, for the State.

*Henry A. Wise*, Jr., for defendants.

Superior Court for New Castle County.

CAREY, Judge:

■ The events herein occurred prior to the passage and approval of Chapter 303, Volume 48, Laws of Delaware, which confers power to issue search warrants upon the Clerk of the Court of Common Pleas. Before that time he had no such power. See Sections 4058, 4483, and 6202 and Chapter 169 (as amended) *Revised Code of Delaware* 1935. The warrant issued in this case was therefore invalid. This conclusion agrees with a recent ruling by this Court wherein no written opinion was filed.

The important issue here is whether the defendants may raise the question of invalidity. The new statute cited above provides that only an owner or occupant of the house or place searched may apply for the return or suppression of articles wrongfully seized. Section 67, Chapter 303, Volume 48, *Laws of Delaware.* See *Lido Social Club v. State,* 7 *Terry* 582, 86 *A.* 2d 859. No controlling statute existed prior to the Act of June 5, 1951. Moreover, no reported decision in Delaware touches upon this point, because until recently our Courts always admitted evidence even though illegally seized. *State v. Chuchola,* 2 *W. W. Harr.* 133, 120 *A.* 212; *State v. Episcopo,* 7 *W. W. Harr.* 439, 184 *A.* 872. Until these authorities were reversed by the Supreme Court of this State in *Rickards v. State,* 6 *Terry* 573, 77 *A.* 2d 199, the present question could not arise.

■ No federal question is involved. *Wolf v. Colorado,* 328 *U. S.* 25, 69 *S. Ct.* 1359, 93 *L. Ed.* 1782; *Lambert v. State, Md.,* 75 *A.* 2d 327. The governing provision is Sec. 6, Art. 1 of our State Constitution, which is very similar to the Fourth Amendment to the Federal Constitution, pertaining to unreasonable searches and seizures.

■ The basic principle is thus expressed in 47 *Am. Jur.* 508:

"The right to immunity from unreasonable searches and seizures is personal, and can be asserted only by him whose rights are violated. Consequently one who is not the owner, lessee, or lawful occupant of premises searched cannot

raise the question whether there has been an unlawful search and seizure".

I do not find it necessary to discuss the question as to whether or not ownership of the articles seized is sufficient to sustain a petitioner's right to question validity of the search. *Cf. U. S. v. Jeffers*, 342 *U. S.* 48, 72 *S. Ct.* 93.

Obviously, the words "lawful occupant" exclude trespassers; moreover, they mean something more than a mere invitee, social guest or employee. *Church v. State*, 151 *Fla.* 24, 9 *So.* 2d 164; *Lambert v. State, supra; Kelley v. U. S.*, 8 *Cir.*, 61 *F.* 2d 843, 86 *A. L. R.* 338; *Calhoun v. U. S.*, 5 *Cir.*, 172 *F.* 2d 457; *Hood v. State, Okl.*, 90 *Okl. Cr.* 340, 213 *P.* 2d 883. In these cases and in others cited on behalf of the State, the petitioner or defendant failed to disclose any interest whatever in the premises searched, or any right of control over them. In most of them, all that appeared was simply that the petitioner was present when the officers invaded the premises.

The petitioners urge that they were tenants of the premises in this case, even though the amount of rent to be paid was indefinite. This may or may not be true; I need not pass upon the contention, for their status is at least that of occupants, as that term is defined in those cases which involve the question raised here. "The words 'lawfully occupies' * * * contemplate an occupation of some character which is connected with the property or the premises by some lawful means." *Lambert v. State, supra* [75 *A.* 2d 330]. Here, under the stated facts, the petitioners were accorded the right to use the premises, presumably to the exclusion of all others, save perhaps the owners, for a certain period each day, under a promise to make it "worth while" to the owners. It must be said that they have sufficient possession of and control over the premises to warrant the conclusion that they were occupants, whose rights were violated by the unauthorized search and seizure. The fact that their possession may have been for the sole purpose of carrying on an illegal business does not deprive them of the right to question

the legality of the warrant. *McDonald v. U. S.*, 335 *U. S.* 451, 69 *S. Ct.* 191, 93 *L. Ed.* 153.

The "numbers slips" are not property subject to legal ownership and will simply be ordered suppressed. The other items will be ordered returned to Rydzewski.