STATE OF DELAWARE v. VINCENT J. MANETTI, SR., BERNARD J. GOTT and JOSEPH A. MEDORA, JR.

(*March* 15, 1963.)

WRIGHT, J., sitting.

*Charles L. Paruszewski,* Deputy Attorney-General, for the State of Delaware.

*Robert C. O'Hora* and *John P. Daley* for the defendants.

Superior Court for New Castle County, Nos. 273-278, Cr. A., 1961.

WRIGHT, Judge.

On September 1, 1960, officers of the Delaware State Police entered the premises at 1111 Washington Street, New Castle, Delaware, pursuant to the authority of a search warrant issued by the Court of Common Pleas in and for New Castle County and seized several items of personal property. The three defendants here were arrested at the same time. The defendant Manetti owned the premises searched and resided there. The defendants Gott and Medora were on the premises as guests of Manetti.

Prior to this proceeding the defendant Manetti moved to suppress the evidence obtained by the search and this Court by an unreported opinion dated November 9, 1961, held the search warrant invalid and granted Manetti's motion. Manetti now moves for return of the articles seized and Gott and Medora move for their suppression as to them.

The State contends that Gott and Medora being on the premises as mere invitees or guests of the owner-occupant have no standing to attack the search warrant. The State, in support of this position relies heavily on *State v. Carter,* 8 Terry 147, 89 A.2d 131 (1952). This case unquestionably justifies the State's contention but is based primarily on the holding of *Wolf v. Colorado,* 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949).

Any confusion which may have existed concerning the extent to which the Fourth Amendment to the Federal Constitution is enforceable against the states through the due process clause of the Fourteenth Amendment was certainly put to rest by *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The States now appear not only subject to the restrictions of the Fourth Amendment but also subject to judicial construction thereof by the Federal Courts. To this extent *Wolf v. Colorado,* supra, was at least partially overruled.

Gott and Medora in support of their motion to suppress cite *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960). The Court there decided that "anyone legitimately on [the] premises where a search occurs may challenge its legality by way of a motion to suppress * * *."

I realize that to adopt this proposition has not only the effect of overturning *State v. Carter,* supra, but countless other state and Federal decisions, however, due to the development of the law in this field by the Supreme Court of the United States culminating in *Mapp v. Ohio,* supra, I feel compelled to follow it.

The merits of the validity of the search warrant itself having previously been disposed of, the motions of Gott and Medora to suppress are granted.

I now turn to Manetti's motion for return of the property seized. Among the items appear certain slips representing the records of illegal wagering. These items are not subject to legal ownership and are merely ordered suppressed. The remaining items will be ordered returned to Manetti. *State v. Carter,* supra.

Order accordingly.