768

UNITED STATES ex rel. Albert
KUMITIS, Petitioner,

v.

Alfred T. RUNDLE, Warden, Respondent.

Misc. No. 2481

United States District Court
E. D. Pennsylvania.

Aug. 9, 1963.

Jay Meyers, of Rappaport & Lagakos, Philadelphia, Pa., for petitioner.

BODY, District Judge.

This Court has jurisdiction of the within petition, filed December 20, 1962, pursuant to 28 U.S.C. § 2241. Albert Kumitis complains of various violations by the Commonwealth of Pennsylvania of his constitutional right to due process which, if true, would entitle him to release from custody. Petitioner has exhausted his state remedies.

Mr. Kumitis is now represented by able counsel approved by this Court and was so represented at a hearing held on June 25, 1963. Because of this, all matters raised in the petition and not argued by counsel are deemed waived for purposes of disposing of this petition.

The petitioner contends that he was not present nor was he represented by counsel at sentencing on January 3, 1950 and resentencing on January 9, 1950 on a conviction for robbery in Columbia County, Pennsylvania, on December 7, 1944.

The second primary ground urged is that the delay between conviction and sentence prejudiced his right to a speedy trial. Summary and improper reconfinement for parole violations are also alleged.

Regardless of the merit, or lack of merit in these contentions, this Court is powerless to grant petitioner any relief. The sentence complained of expired on March 17, 1963 at which time Kumitis began serving, and is currently serving, a sentence imposed for a crime committed in Bucks County, Pennsylvania. Thus, while this Court had initial jurisdiction on December 20, 1962 and it may be said that this jurisdiction still exists, nevertheless, on March 17, 1963 the issue of the legality of confinement on the Columbia County sentence became moot. Commonwealth ex rel. Pyeatte v. Burke, 170 Pa.Super. 355, 85 A.2d 659 (1952).

Counsel for petitioner is to be commended for his conscientious and competent advocacy despite a grossly inadequate remuneration which doubtless did not cover his out-of-pocket expenses.

ORDER

AND NOW, this ninth day of August, 1963, after hearing held, and after consideration of the complete record and briefs and oral argument of counsel, IT IS ORDERED that the petition for writ of habeas corpus be and the same is hereby DENIED.