**Rufus Earl DAVIS, Appellant,**

v.

**Walter DUNBAR, Director, California Department of Correction, et al.,**
**Appellees.**

**No. 21783.**

United States Court of Appeals
Ninth Circuit.
April 22, 1968.

Rufus Earl Davis, in pro. per.

Thomas C. Lynch, Atty. Gen. of State of Cal., Robert R. Granucci, Jerome C. Utz, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before CHAMBERS, MERRILL, and ELY, Circuit Judges.

ELY, Circuit Judge:

The appellant is a California state prisoner serving an indeterminate sentence of confinement for a period of six months to ten years. The sentence followed his final conviction, in the California courts, of the offense of assault with a deadly weapon. Cal.Pen.Code § 245. After certain unsuccessful post-conviction proceedings in the state courts, Davis filed his petition for habeas corpus in the court below. The court denied the petition without having conducted an evidentiary hearing, and Davis appeals.[1]

The petition set forth contentions which had been rejected in post-conviction proceedings in the state courts. It also presented two new claims. In the first of these, appellant contended that since the information charged him only with assault with intent to commit murder under Cal.Pen.Code § 217 and assault with intent to commit rape under Cal. Pen.Code § 220, it was insufficient to support conviction for assault with a deadly weapon. In the second, he contended that he had been deprived of the effective assistance of competent counsel in his appeal to the California appellate courts.

■ Insofar as the petition in the court below was based upon the two contentions not previously advanced in the state courts, its denial was proper. A state convict must exhaust all available state remedies before he is properly in a position to urge a federal court to interfere with his conviction.[2] 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ The first of the other grounds for the petition—those grounds previously rejected by the state courts—was that the state trial court improperly permitted the introduction into evidence of statements taken from appellant in violation of the rights prescribed by Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Appellant's trial, however, commenced on June 16, 1964, six days prior to the Supreme Court's issuance of its opinion in Escobedo; hence, the principle of Escobedo is inapplicable. Johnson v. State of New

1. On August 12, 1967, the Chief Judge of our court granted appellant's motion "to ammend [sic] his action in the case of No. 21783, to change his address to P.O. Box 2000, Vacaville, California, and to Make the Respondent, The Superintendent of California Medical Facility * * *."

2. As to the contention concerning the sufficiency of the indictment to support the conviction, the District Court found that "California law allows conviction for a lesser included offense, Cal.Pen.Code §

1159, and assault with a deadly weapon is clearly a lesser included offense of assault with a deadly weapon with intent to commit murder. Cf. People v. Greer, 30 Cal.2d 589, 596 [184 P.2d 512] (1947)." In view of our disposition, we need not consider this apparently valid interpretation of California law. See People v. Butterfield, 177 Cal.App.2d 553, 2 Cal.Rptr. 569 (1960); People v. Mc-Curdy, 165 Cal.App.2d 592, 332 P.2d 350 (1958). See also Paterno v. Lyons, 334 U.S. 314, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948).

Jersey, 384 U.S. 719, 733, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ Davis next complained of the introduction into evidence of a gun which he alleged to have been unlawfully seized during an illegal search. Three days after his arrest, the police, without a warrant, had searched a room where Davis lodged and had discovered the weapon. It could well be that, had there been an objection, the receiving of the gun into evidence would have been constitutionally forbidden. There was, however, no objection to the introduction of the evidence. In fact, appellant's attorney expressly waived objection.[3] See Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Nelson v. People of State of California, 346 F.2d 73 (9th Cir.), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965).

■ Finally, Davis urged that he had suffered a denial of due process, or a denial of the right to subpoena witnesses, or both. This broad contention was predicated upon certain allegations and circumstances as follows: During appellant's trial, the victim of the assault, a lady seventy-nine years of age, and an investigating officer had both testified that two neighbors of the victim, Mr. and Mrs. Castro, had telephoned the police and had supplied the police with a key to the victim's apartment. In his petition, Davis alleged that at the time of his trial the defense had attempted to subpoena the Castros, that they had moved their residence, and that efforts to locate them had been unsuccessful. Davis further alleged that Mr. and Mrs. Castro had been present during the trial in response to subpoenas served by the prosecution but that

"Mr. & Mrs. Castro stated to the District Attorney that petitioner was not the person who had committed the

crime, after the District Attorney learned that the Castro witnesses testimony would be in favor of the defendant. The District Attorney dismissed the Castro witnesses and did not inform petitioner attorney until trial had ended."

Based upon the foregoing, the District Court would have been required, except for two factors, to conduct an evidentiary hearing. One consideration which justifies its refusal to have done so is that the prosecution concealed no evidence from the defense, nor did it engage in any deceit whatsoever. Cf. Lee v. United States, 388 F.2d 737 (9th Cir. 1968). At a pretrial hearing, the appellant and his attorney were present while the Castros were interviewed with the assistance of an interpreter. Of greater significance, however, is the fact that when Davis moved for a new trial in the state court, the state judge offered to continue the proceedings so as to enable the appellant to locate Mr. and Mrs. Castro and produce their testimony. When the offer was made, the appellant consulted with his attorney, who then, without appellant's protest, declined the offer by stating to the court that appellant preferred to be sentenced immediately.

■ There is no law which bars the understanding surrender or waiver of a constitutional right by a competent person. Here, the appellant, advised by counsel, made a choice, and there is no indication that he was incompetent. Perhaps he held the hope, when he made the choice, that the sentence to be imposed would be less severe. If so, the choice may have been mistaken, but it was not unconstitutional. To permit the rejected opportunity to be seized at this late date would be to encourage criminals to trifle with the processes of state courts.

Affirmed.

3. "MR. GOLDMAN [the prosecutor]: May the gun be received in evidence, your Honor, so I can leave it with the Clerk? "THE COURT: Well, if there is no objection I suppose you can.

"MR. NUNGESSER [petitioner's counsel]: I have no objection. "THE COURT: It will be received in evidence."