STATE OF NEW JERSEY, PLAINTIFF, v.
ANTHONY J. CASALE, DEFENDANT.

Superior Court of New Jersey
Law Division, Criminal

Decided December 4, 1968.

*Mr. Joseph P. Lordi,* Prosecutor of Essex County, for the State (*Mr. Thomas C. Brown,* Assistant Prosecutor, appearing).

*Mr. Ralph G. Mesce,* for Daniel DeMichael.

MEHLER, J. S. C. Applications were made by Anthony J. Casale and Daniel DeMichael for orders to suppress and for the return of papers and other evidence seized by law enforcement officers from premises 865 Clifton Avenue, Newark, pursuant to a search warrant.

Casale was arrested when the warrant was executed and he was subsequently indicted. His motion to suppress has been denied. DeMichael was not arrested nor has be been indicted. He nevertheless moves to suppress, claiming that the conduct of the officers in executing the warrant in his premises was

unlawful and therefore the seizure was illegal as to him. He contends that he is a person aggrieved by the search and seizure. In an affidavit made by him in support of his motion he states that law enforcement officers, in the course of executing the search warrant, seized certain documents, papers, writings and evidence, without describing them and without stating from what part of the premises they were taken. He makes no claim that the items so taken belonged to him. At the argument it developed that the evidence sought to be suppressed was found on the roof of 865 Clifton Avenue. Since DeMichael was not arrested nor indicted, the court learned, upon inquiry made of the prosecutor at oral argument, that the evidence obtained was not intended to be used against DeMichael. The questions presented, therefore, are whether on these facts the court should undertake to consider whether the search was illegal as to DeMichael and whether the evidence is suppressible as to him and returnable to him.

DeMichael argues that he has standing to make this motion, citing *Spinelli v. United States,* 382 *F. 2d* 871 (8 *Cir.,* 1967), *certiorari* granted 390 *U. S.* 942, 88 *S. Ct.* 1025, 19 *L. Ed. 2d* 1130 (1968); *Mancusi v. DeForte,* 392 *U. S.* 364, 88 *S. Ct.* 2120, 20 *L. Ed. 2d* 1154 (1968), and *United States v. Konigsberg,* 336 *F. 2d* 844 (3 *Cir.,* 1964), *certiorari* denied 379 *U. S.* 933, 85 *S. Ct.* 334, 13 *L. Ed. 2d* 344 (1964). In *Jones v. United States,* 362 *U. S.* 257, 267, 80 *S. Ct.* 725, 734, 4 *L. Ed. 2d* 697, 734 (1960), the court held that "anyone legitimately on premises where a search occurs may challenge its legality * * * when its fruits are proposed to be used against him." In *Mancusi* the court held that DeForte had Fourth Amendment standing to object to the admission in evidence on his criminal trial of papers which the court found were illegally seized from a union office shared by him with several other union officials. It will be noted that in those cases, as well as in *Spinelli* and *Konigsberg,* the courts were considering the suppression or admissibility of

seized evidence which was being offered or proposed to be used in a criminal trial against the movant.

This court is of the view that in a suppression case, an aggrieved person, within the meaning of the law, is one against whom or against whose property seized evidence is proposed to be used by the State. This is made clear by the decisions of the United States and New Jersey Supreme Courts and by the latter's rule of court. In *Weeks v. United States,* 232 *U. S.* 383, 34 *S. Ct.* 341, 58 *L. Ed.* 652 (1914), the Supreme Court announced that illegally seized evidence was to be excluded from federal criminal trials as a means of enforcing Fourth Amendment rights. In *Mapp v. Ohio,* 367 *U. S.* 643, 81 *S. Ct.* 1684, 6 *L. Ed.* 2d 1081 (1961), the court extended the exclusionary rule, holding for the first time that evidence illegally obtained by state officers is as inadmissible in state court proceedings as it is in federal proceedings. This exclusionary rule was followed in *State v. Macri,* 39 *N. J.* 250 (1963). *R. R.* 3:2A–6(a) contemplates that an aggrieved person is one against whom a criminal charge has been or is being made. It provides that a motion to suppress shall be made within 30 days after the initial plea to the criminal charge and shall be determined before trial. Since the purpose of a motion is to exclude evidence proposed to be used in a criminal or forfeiture proceeding, it necessarily follows that where no such proceeding is contemplated against a particular person or his property, he is not aggrieved and therefore has no standing to make the motion. If the prosecutor does in fact proceed at some time against DeMichael contrary to the representation made at oral argument, DeMichael will have ample opportunity to contest the search and seizure, since, as already noted, a defendant may move to suppress within 30 days after he has entered a plea to the indictment.

Since DeMichael is not an aggrieved person, it is unnecessary to consider whether the search was illegal unless the evidence taken from the roof, if unlawfully taken, is return-

able to him. DeMichael has not claimed that the items seized by the officers were in his possession or belonged to him. There is indication that they are contraband; in fact, it may be inferred from the allegations in the search warrant and from the charge made against Casale that the items consist of articles used in the crime of bookmaking or lottery or both. Courts will not order the return of contraband even though its use as evidence is suppressed. *United States v. Jeffers,* 342 *U. S.* 48, 72 *S. Ct.* 93, 96 *L. Ed.* 59 (1951). See also *State v. Carter,* 8 *Terry* 147, 47 *Del.* 147, 89 *A.* 2*d* 131 (*Sup. Ct.* 1952), which holds that numbers slips are not property subject to legal ownership and therefore need not be returned even to the person from whom they were illegally seized, although their use as evidence is to be suppressed. Our Supreme Court, consistent with this principle, has declared in *R. R.* 3 :2*A*–6(*a*), which is patterned after *Rule* 41 (*e*) of the *Federal Rules of Criminal Procedure,* that if a motion to suppress is granted, "the property shall be delivered to the person entitled thereto, unless otherwise subject to lawful detention, and shall not be admissible in evidence in any court." Since the seized items are contraband, they are subject to lawful detention. Furthermore, they are not returnable to DeMichael since there is no proof that they were taken from him, and he does not contend that they are his. It is therefore unnecessary on this phase of the case to determine whether the search was illegal, for DeMichael is not entitled to the return of the evidence. Accordingly, his motion is in all respects denied.