**Herman A. MONNICH, Petitioner-Appellant,**

v.

**George A. KROPP, Warden, and Department of Corrections, State of Michigan, Respondents-Appellees.**

**No. 18813.**

United States Court of Appeals
Sixth Circuit.

March 12, 1969.

Herman A. Monnich in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Atty. Gen., Lansing, Mich., for appellee.

Before CELEBREZZE, McCREE and COMBS, Circuit Judges.

## ORDER

CELEBREZZE, Circuit Judge.

This is an appeal from the United States District Court, Eastern District of Michigan, Southern Division, wherein the petition for writ of habeas corpus was denied after an evidentiary hearing. Petitioner comes before this Court seeking a remand for a full evidentiary hearing covering all points mentioned in his original petition.

Petitioner sought relief in the District Court pursuant to Title 28 U.S.C. § 2241 et seq. The District Court appointed counsel to represent him. Thereafter briefs were filed in behalf of both parties. The District Court determined that an evidentiary hearing should be had to determine whether or not the State of Michigan used "reasonable diligence" in executing the parole violation warrant filed with the Missouri Department of Correction. See Greene v. Michigan Department of Correction, 315 F.2d 546 (6th Cir. 1963).

Petitioner alleges now, as he did in his petition for rehearing to the District Court, that he was not afforded a "full" evidentiary hearing. Petitioner claims that certain allegations in his "Applica-

tion for Writ of Habeas Corpus" were not dealt with at the hearing.

██ The standard of review to be applied in this case, as in other civil cases tried by a District Court sitting without a jury, is that the findings of fact will not be set aside unless they are clearly erroneous. Anderson v. Johnson, 371 F.2d 84, 89 (6th Cir. 1966), affirmed 389 U.S. 819, 88 S.Ct. 109, 19 L. Ed.2d 69 (1968), reh. denied 390 U.S. 1037, 88 S.Ct. 1402, 20 L.Ed.2d 298 (1968); Rule 52(a), Federal Rules of Civil Procedure. After a careful reading of the transcript taken at the evidentiary hearing, we find that the question pertaining to "reasonable diligence" was dealt with fully by the District Court, and its findings are not clearly erroneous.

Petitioner alleges that other pertinent matters should have been considered and dealt with at the evidentiary hearing. Petitioner was represented at the hearing by counsel appointed by the District Court subsequent to Petitioner's preparation of the "Application for Writ of Habeas Corpus". At the evidentiary hearing the three witnesses who appeared in behalf of Respondent were cross-examined by Petitioner's attorneys. At the close of Respondent's case, counsel for Petitioner rested their case. Whereupon the following colloquy between Petitioner's counsel and the Court transpired:

> "The Court: All right. The petitioner may proceed with such testimony as petitioner desires to offer.
>
> Mr. Connor: We rest, your Honor.
>
> The Court: Doesn't the petitioner desire to offer any testimony?
>
> Mr. Connor: No, your Honor.
>
> The Court: All right.
>
> Mr. Connor: Wait a minute. I wonder if we could have a brief conversation.
>
> (Short interruption.)
>
> Mr. Connor: No, your Honor. I have consulted with Mr. Monnich, and

it was also my advice that he do not take the stand, and we would rest at this time.

> The Court: It's your advice that he not take the stand?
>
> Mr. Connor: Yes; and he also concurs.
>
> The Court: This is a civil proceeding, isn't it?
>
> Mr. Connor: Yes.
>
> The Court: Well, what is his desire?
>
> Mr. Connor: I say, it is his desire also, your Honor, not to take the stand at this time.
>
> The Court: All right. Well, does he have any testimony to offer, whether he wants to testify himself or not?
>
> Mr. Connor: No, your Honor. We will stand on this record.
>
> The Court: Then the petitioner offers no testimony; is that right?
>
> Mr. Connor: No testimony, your Honor.
>
> The Court: All right. Well, proceed with the arguments, gentlemen."

██ The District Court afforded Petitioner and his counsel every reasonable opportunity to come forward with evidence, but they declined and rested without presenting any evidence. Davis v. Dunbar, 394 F.2d 754 (9th Cir. 1968) cert. denied Davis v. Director, 390 U.S. 1010, 88 S.Ct. 1273, 20 L.Ed.2d 168 (1968); United States ex rel. Kumitis v. Rundle, 220 F.Supp. 768 (E.D.Pa.1963), affirmed 329 F.2d 645 (3d Cir. 1964). See United States ex rel. Helwig v. Maroney, 271 F.2d 329, 332 (3d Cir. 1959); Buhler v. Pescor, 63 F.Supp. 632 (W.D. Mo.1945). Although other grounds may have been mentioned in his petition, it is the opinion of this Court that these matters were deemed waived for purposes of disposing of the petition since they were neither argued by counsel nor otherwise raised at the hearing. Davis v. Dunbar, 394 F.2d 754 (9th Cir. 1968), cert. denied Davis v. Director, 390 U.S. 1010, 88 S.Ct. 1273, 20 L.Ed.2d 168 (1968); United States ex rel. Kumitis v. Rundle,

220 F.Supp. 768 (E.D.Pa.1963), affirmed 329 F.2d 645 (3d Cir. 1964); Buhler v. Pescor, 63 F.Supp. 632 (W.D. Mo.1945). The District Court did in no way restrict Petitioner. Petitioner cannot claim error since he was given the opportunity to do what he is now claiming as error. Davis v. Dunbar, 394 F.2d 754 (9th Cir. 1968), cert. denied Davis v. Director, 390 U.S. 1010, 88 S.Ct. 1273, 20 L.Ed.2d 168 (1968). This Court is of the opinion that the trial Court conducted a full evidentiary hearing and afforded Petitioner every opportunity to come forth with any evidence. This Court, finding no error in the proceedings below, affirms the judgment of the District Court denying the petition.