Joe Louis **PIERSON**, Defendant Below,
Appellant,

v.

**STATE of Delaware, Plaintiff Below,
Appellee.**

Supreme Court of Delaware.

Oct. 4, 1973.

Karl Haller, Asst. Public Defender, Georgetown, for defendant below, appellant.

H. Newton White, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

Defendant appeals from a conviction for burglary in the fourth degree.

The critical question, as we view the case, concerns the ruling of the Court below on defendant's motion to suppress certain evidence;* specifically, the Court

---

* Independent of his counsel defendant has raised four additional matters, all of which we have considered and found to be without merit: (1) It was error not to permit defendant (who appeared *pro se* at trial) to challenge jurors on the basis of racial bias; this may have some validity (Ham v. South Carolina, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973)) but nothing in the record has been called to our attention to show that a request for such a challenge was ever made to the Trial Court. The record does show that Court-appointed counsel was relieved at defendant's request and that he was offered other counsel which, apparently, he declined. (2) It was error not to permit questions to the jury panel as to whether any members thereof had been employed by any of the establishments burglarized; there is nothing to show that such a request was ever made and, in the absence thereof, the right to such inquiry was waived. (3) The indictment was unsigned by the Grand Jury Foreman and Assistant Foreman and therefore it was void; the original indictment (which is part of the record on appeal) was signed by both the Foreman and the Secretary. (4) Defendant did not receive a preliminary hearing; this Court has repeatedly held that an indictment eliminates the need for a preliminary hearing. See, e. g., Jenkins v. State, Del.Supr., 305 A.2d 610 (1973); Joy v. Superior Court, Del.Supr., 298 A.2d 315 (1972).

ruled that defendant did not have standing to object to the search in which the evidence was seized.

Defendant intermittently lived at a house leased by a female friend; he was neither the owner of the property nor a tenant (in a formal sense). At the time of his arrest he had been so residing for a period approximating one month. During the search, which was made pursuant to a warrant while defendant was in custody, the police found a sack which contained burglary tools and these were introduced into evidence over defendant's objection. The Superior Court ruled that because defendant was neither owner nor tenant, he lacked standing to question the legality of the search. We disagree.

■ ■ The United States Supreme Court in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), held that ". . . anyone legitimately on [the] premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him." That precise ruling was followed by the Superior Court in the earlier case of State v. Manetti, Del. Super., 189 A.2d 426 (1963). Thus, it is clear that defendant need not have been an owner or tenant of the premises to have standing to object to the search and seizure.

For this reason the case must be remanded, but it does not follow that the conviction must be set aside. What is called for at this time is a determination by the Superior Court of defendant's motion. Accordingly, the case will be remanded for the purpose of a suppression hearing and a ruling on defendant's motion. The Court is authorized to make such additional rulings as it deems appropriate in light of its findings on the motion.

■ ■ In the supplemental brief filed *pro se* defendant says that he was arrested on December 21, 1971 and that he request-ed a preliminary hearing which was never held. The indictment was filed on March 6, 1972. Superior Court Criminal Rule 5, Del.C.Ann., requires that an arrested person be taken "without unreasonable delay" before a Justice of the Peace who is required to advise the arrested person as to certain matters, including his right to a preliminary hearing. While an indictment eliminates the need for such hearing, Jenkins v. State, supra, the apparent delay here of some seventy-five days without either hearing or indictment calls for explanation. Accordingly, the remand ordered herein will include instructions to the Superior Court to make a determination as to whether defendant's rights were violated by the delay.

Jurisdiction is reserved.

