**Elwood H. WILSON, III, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 14, 1973.

Henry A. Wise, Jr., Wilmington, for defendant below, appellant.

H. Murray Sawyer, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., CAREY, J., and WRIGHT, Judge.

HERRMANN, Chief Justice:

The defendant seeks review of his conviction for possession of dangerous drugs (16 Del.C. § 4722) and for possession of a deadly weapon by one convicted of a felony (11 Del.C. § 468B). The question presented is whether, based on information given to the police by an informant, the police were justified in believing the informant credible, thus providing the requisite constitutional basis for the finding that probable cause existed to search the defendant's house.

## I.

Police officers armed with a search warrant were admitted into the defendant's house by his wife. The police awakened the defendant who had been sleeping and identified themselves. They proceeded to search his clothing, for protective purposes, and found two cubes of hashish in a plastic vial. A search of the premises revealed a small quantity of marijuana in a shoebox underneath a sofa.

The defendant contends that the search warrant was defective in that the affidavit supporting it did not show probable cause to search. The affidavit contained the following information:

The police officer affiants received the following information from Betty L. DeLoach on June 10: That she was with the defendant Wilson and one Joseph Wilkinson when they burglarized an unidentified doctor's office in or near Upper Darby, Pennsylvania, on June 9, and stole approximately 20,000 amphetamine tablets and several thousand "downs"; that the three of them separated the stolen drugs into bags of 100 each; that Wilson kept half in the garage of his residence and Wilkinson took the remainder to DeLoach's apartment; that thereafter Wilkinson moved all of the drugs from DeLoach's apartment to Wilson's residence; that DeLoach was admitted to the Memorial Hospital on June 10, and treated for an overdose of drugs; that if the police did not seize the drugs stored at Wilson's residence promptly, they would be moved to a new hiding place.

## II.

We agree with the defendant that there was insufficient corroboration of the informant's statements to justify a finding that probable cause existed for the issuance of the search warrant. There was, as we recently held in Garner v. State, Del.Supr., 314 A.2d 908 (1973), no "showing, with constitutional sufficiency, of the basis for believing that the information was reliable". See also Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

■■ A search warrant can be legally issued only upon an affidavit establishing sufficient grounds for the warrant. The affidavit must state facts constituting probable cause to search; i. e., facts sufficient to warrant a reasonable man in the belief that seizable property would be found in a particular place or on a particu-

lar person.  Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924).

■ The affidavit can establish probable cause either by setting out the incriminating personal observations of a reliable affiant (usually a police officer who is presumptively reliable), or it may be based on incriminating reports to the affiant by some informer or third party witness; i. e., hearsay.  If the affidavit is based on hearsay, it must contain reasonable corroboration of the hearsay reports.  Under the two-fold standard set out in Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964), this means (1) that the magistrate must be satisfied that the affidavit reveals the underlying circumstances from which the informant drew the conclusion that criminal activity had occurred; and (2) that there are sufficient reasons for believing that the informant's information is reliable.

■ The first standard has been sufficiently met in the instant case: the information, reciting the personal and criminal involvement of the informant with the defendant, satisfies this requirement.  The affidavit fails, however, to meet the second requirement.

The information contained in the affidavit was held by the Superior Court to prove the informant sufficiently credible upon two grounds: (1) the informant was named and there was, therefore, a source of information to which the magistrate could refer in order to substantiate the story; and (2) the information implicated the informant in criminal activity and, therefore, under United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), it was entitled to the requisite corroborative weight.  We think that neither ground is sufficient to support the warrant under the circumstances of this case.

There is a significant difference between the situation wherein an informant is brought before a magistrate and swears to the truth of his statements, and the situation wherein the police merely relate to the magistrate, in hearsay-fashion, information given to the police by an informant.  The former is inherently more reliable than the latter since the information can be questioned by the magistrate and his appearance and demeanor judicially evaluated.

In the instant case, it appears that at the time the informant related the information to the police she was hospitalized for a drug overdose.  Because her rationality and credibility could have been impaired thereby, it was incumbent upon the police, in our opinion, to verify her statements, at least by quick communication with the Pennsylvania authorities.  It does not appear that the police were faced with such exigency as to have foreclosed at least that much corroboration.

■ The State may not claim citizen-informer status for this informant.  This was not the case of an average law-abiding citizen doing her civic duty by reporting a crime; in such case the mere revelation of identity and reporting of criminal activity by the citizen may be enough to constitute probable cause.  See State v. Hunt, Mo. Sup., 454 S.W.2d 555 (1970).  This informant was not a passive observer of a crime; she was a confessed drug-law violator and robbery participant, presumably cooperating with the police for personal reasons.

The issue then narrows to this: whether the police were justified in believing that the informant was credible.  Since the record is silent as to any previous "tips" to the police by this informant, or any knowledge by the police of the defendant's reputation either directly or from collateral sources, the only factor entitled to any weight as to her credibility is the admission by the informant of complicity in the alleged robbery of the doctor's office.

As authority for reliance upon that factor, the State cites United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). *Harris* is authority for the proposition that admissions against penal interest may be considered as corroborative evidence in establishing credibility; but the *Harris* plurality held that such statements may provide only an additional basis for crediting an informant's "tip", and that there must be something more than a bare penal admission.

It is clear from the facts in *Harris* that the Supreme Court was not telescoping such admission into probable cause. In *Harris*, in addition to the admission, there was also the officer's knowledge from a variety of sources of the defendant's illegal activities over a four year period, and the prior discovery of contraband in an abandoned house under Harris' control. Chief Justice Burger, who authored *Harris*, was careful to observe that:

"Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another."

The constitutional guaranty against unreasonable search of a citizen's residence is one of the most sacred rights we have. It must be protected against uncorroborated "tips" by unaccredited informers.

We conclude, therefore, that the State has failed to demonstrate probable cause for the issuance of the search warrant. Having found the search illegal, we hold that the evidence derived therefrom should have been excluded at trial as "fruit of the poisonous tree". Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). Without such evidence, there are no grounds for conviction. Accordingly, there must be a reversal.

Reversed and remanded for further proceedings consistent herewith.