Samuel T. EDWARDS, a/k/a Samuel Jackson, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 26, 1974.

John G. Mulford, of Theisen, Lank & Mulford, Wilmington, for appellant.

Joseph A. Hurley and Richard Gebelein, Deputy Attys. Gen., Wilmington, for appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

DUFFY, Justice:

After convictions for rape and robbery, defendant appeals on the basis of defects in the search warrant and the return thereof and prejudicial conduct by counsel for the State.

I

Following defendant's arrest on several charges, including those on appeal here, officers of the Wilmington Bureau of Police secured a warrant to search a certain residence on West Sixth Street. It is contended that the affidavit on which the warrant was issued does not connect defendant to the premises, but the facts are to the contrary. The affidavit and application for the search warrant states that the property is "rented by Emy Edwards" who "is the mother of" Samuel J. Edwards (defendant here) and the property is "occupied by" him.* That was an adequate way in which to state that defendant had possession of the premises in question. See Mezzatesta v. State, Del.Supr., 3 Storey 145, 166 A.2d 433 (1960).

Next, defendant argues that a "blue watch cap" was improperly received into evidence. The victim testified that her assailant wore such a cap and on that basis it was admitted. One such cap was itemized on the return of the search warrant but, during trial, it was determined that two such caps were seized. The return was admittedly incomplete in itemizing only one. The law, however, is that a ministerial act subsequent to execution of a validly issued search warrant (such as failing to properly list an item on the return) will not nullify the prior and legal act of searching and seizing. State v. Hunt, Mo. Supr., 454 S.W.2d 555 (1970), cert. denied, 400 U.S. 942, 91 S.Ct. 239, 27 L.Ed.2d 245 (1970); Mills v. State, 12 Md.App. 449, 279 A.2d 473 (1971), cert. denied, 406 U.S. 967, 92 S.Ct. 2411, 32 L.Ed.2d 666 (1972); cf. Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 2532, 37 L.Ed.2d 706 (1973).

There is no evidence to show that the information as to the second cap was intentionally or deliberately withheld by the State, or that the caps were different in any significant respect. Although defendant's counsel was confronted with a new and surprising fact (as to the caps) at trial, prejudice in the legal sense has not been shown. When the facts became known, the Trial Judge correctly denied defendant's motion for mistrial, required the State to place both caps into evidence and gave defense counsel full opportunity to cross-examine as to both of them. Thus, even if there were error, it was cured by the Trial Judge's prompt and de-

---

* Black's Law Dictionary (4th ed.) defines "occupy" as: "To take or enter upon possession of; to hold possession of; to hold or keep for use; to possess; to tenant; to do business. . . . Actual use, possession . . .." Cf. State v. Carter, Del.Super., 8 Terry 147, 89 A.2d 131 (1952).

cisive action and rendered harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); United States ex rel. Mealey v. Delaware, 3 Cir., 489 F.2d 993 (1974).

■ Defendant argues also that the affidavit on which the warrant was based was defective because it failed to relate each specific item of property sought, to a charge on which defendant had been arrested. The short answer to that is that the law does not require such specificity in the affidavit. The statute requires only that the affidavit "shall describe the things . . . sought as particularly as may be, and shall substantially allege the cause for which the search is made . . . and shall recite the facts upon which such suspicion is founded." 11 Del.C. § 2306. In testing for these requirements the affidavit must be considered as a whole, and not in an isolated *seriatim* fashion. Rossitto v. State, Del.Supr., 234 A.2d 348 (1967); Mezzatesta v. State, supra. In essence, probable cause is a common-sense determination; the affidavit in support of a search warrant must state facts sufficient to warrant a reasonable man in the belief that seizable property would be found in a particular place. See Wilson v. State, Del. Supr., 314 A.2d 905 (1973). So viewed, the affidavit relates the defendant to the residence and the things sought therein.

## II

The second ground for appeal charges prejudicial conduct by counsel for the State. While cross-examining defendant's sister, he asked, "Have you ever been with [defendant] when he raped a woman?" The witness responded, "No."

At trial, identification by the victim of her assailant was an issue. Defendant's sister testified that he "always" wore a wig and that she had "never seen him

without it" over a twelve or thirteen-year period. There was no testimony by the victim that her assailant was wearing a wig: The latter thus became an important basis for cross-examination of defendant's sister.

■ Certainly the State had a right to attempt to show that the witness had not been with defendant at *all* times over a period of thirteen years. And, says the State, the question was carefully and particularly phrased for just that purpose. The Trial Judge found the question "reprehensible" and we are in complete agreement. The point that the State sought to make certainly could have been explored in many other ways. And the fact that the question was based on a mistake in judgment and not in careless phrasing makes it no less objectionable. It remains reprehensible. But it is manifest that not every improper remark or question warrants a reversal or new trial, but only that which prejudically affects substantial rights of the accused. State v. Miller, 204 Kan. 46, 460 P.2d 564 (1969); Lee v. People, 170 Colo. 268, 460 P.2d 796 (1969); State v. Mercer, 261 Iowa 371, 154 N.W.2d 140 (1967). And even where error is committed, ordinarily it will be cured by the trial judge's striking of the offending testimony and admonition to the jury to disregard it. Donlon v. State, Del.Supr., 293 A.2d 575 (1972); Crawford v. State, Del.Supr., 245 A.2d 791 (1968); Miller v. State, Del. Supr., 11 Terry 579, 137 A.2d 388 (1958).

■ In the instant case, the reaction of the Trial Judge was swift in an effort to negate any possible prejudice aroused in the jury's mind. He ordered both the question and answer stricken and instructed the jury to disregard them. We are satisfied that his action was legally effective, and the question did not result in reversible error.

Affirmed.