James Lee WALTON, Defendant,
Appellant,

v.

STATE of Delaware, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted Sept. 11, 1979.

Decided Oct. 12, 1979.

Richard E. Fairbanks, Jr., Asst. Public Defender, Wilmington, for defendant, appellant.

Charles M. Oberly, III, Deputy Atty. Gen., Wilmington, for plaintiff, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant was convicted of Robbery in the First Degree, 11 *Del.C.* § 832, and Kidnapping in the Second Degree, 11 *Del.C.* § 783. He appeals from the sentence imposed for each offense by the Superior Court.

Although defendant submits several arguments in support of the appeal, our attention is directed principally to the admission into evidence of a written statement defendant gave to the police. Both the argument and the circumstances are somewhat unusual because defendant himself offered the statement into evidence as part of his case. Defendant contends, however, that he had a Hobson's choice because a prior ruling by the Trial Judge had "forced [him] to introduce the statement himself . . . in order to prevent an appearance of his credibility being subject to attack." During a suppression hearing, the Court had ruled that the statement could not be used as part of the State's case in chief because it had been taken in violation of defendant's rights, *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but that it was voluntary and thus admissible for impeachment purposes under the requisite standards. *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *Foraker v. State,* Del. Supr., 394 A.2d 208, 212 (1978); *Wright v. State,* Del.Supr., 374 A.2d 824, 831 (1977).

Defendant's contention is without merit, because by offering his statement into evidence, he waived his right to challenge the statement's admissibility for impeachment purposes. Compare *Mize v. Crouse,* (10 Cir.), 399 F.2d 593 (1968); *Davis v. Dunbar,* (9 Cir.), 394 F.2d 754 (1968).

A defendant who testifies in any case in which the State has a statement from him runs the risk that the State will seek to use it for impeachment purposes, if he testifies; that is, the State may use it to attack his credibility. In such a case, a defendant may choose, for strategic reasons, to introduce the statement himself and, if he does so, he waives any challenge he might otherwise have to its use against him.

In this case, defendant's strategic choice was made under unambiguous circumstances: the suppression hearing had been held, and the Court had ruled that the statement was admissible for impeachment purposes. In short, defendant's waiver was factually stronger than it would have been if the Court had not announced its ruling because, before taking the stand defendant knew that the statement might be used by the State to attack his credibility.*

We find no abuse of discretion in the Trial Judge's ruling on *voir dire* questions. *Wright v. State,* 374 A.2d at 829; *Jacobs v. State,* Del.Supr., 358 A.2d 725, 728 (1976), nor do the prosecutor's closing comments amount to reversible error; Super.Ct. Crim.R. 52(a); cf. *Edwards v. State,* Del. Supr., 320 A.2d 701 (1974).

Affirmed.

---

* Defendant's principal challenge to the statement, as we understand it, is directed to the dilemma which he says arose from the Trial Judge's ruling on the suppression motion: should he introduce the statement himself or give the State the first opportunity to lay it before the jury during cross-examination? For strategic reasons, he opted to offer the statement. We have found that when he did so, he waived his right to attack the ruling by the Trial Judge on the voluntariness issue. To remove any doubt about the voluntariness question, we conclude that the Trial Judge's ruling was not reversible error under the governing standards. *State v. Rooks,* Del.Supr., 401 A.2d 943 (1979); *State v. Winsett,* Del.Super., 238 A.2d 821, 824, aff'd 251 A.2d 199 (1968).